IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BOPES LIVING, LLC,<br><br>Plaintiff,<br>vs.<br><br>TANGRAM INSURANCE SERVICES, INC., LIBERTY MUTUAL INSURANCE COMPANY, AND OHIO SECURITY INSURANCE COMPANY,<br><br>Defendant. | **8:26CV212**<br><br>**ORDER TO SHOW CAUSE** |

Pursuant to the court's rules, a complaint must be served within 90 days of filing the lawsuit. On May 11, 2026, Plaintiff filed a service return purportedly indicating service on Defendant Liberty Mutual Insurance Company. Filing No. 10. Liberty Mutual Insurance Company has not appeared or filed an answer.

Upon review, the Court finds Plaintiff's proof of service is insufficient to establish that the defendant was properly served. Rule 4(h) provides that a domestic corporation must be served "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]" Fed. R. Civ. P. 4(h). Rule 4(e)(1) for serving an individual provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," which in this case is Nebraska. Nebraska law provides that a corporation may be served by certified mail upon its registered agent. *See* Neb. Rev. Stat. § 25-509.01. When service is

made by certified mail, the plaintiff must file the signed receipt. *See* Neb. Rev. Stat. § 25-505.01(1)(c).

Plaintiff's proof of service states that the summons was served upon Defendant's agent on May 11, 2026 via certified mail. Filing No. 10. Plaintiff included the USPS tracking information but did not include a signed receipt. Thus, the proof of service does not comply with Nebraska law. *See Freeman Lakes Poultry, LLC v. S. Tr. Ins. Co.*, No. 4:25CV3038, 2025 WL 1505440, at *1 (D. Neb. May 27, 2025)

Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Because there is no evidence Liberty Mutual Insurance Company has been served within 90-days of the Complaint, Plaintiff must show good cause for the failure.

Accordingly,

IT IS ORDERED that plaintiff shall have until August 20, 2026 to show cause why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) or for want of prosecution. The failure to timely comply with this order may result in dismissal of this action without further notice.

Dated this 6th day of August, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge